**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Jarius Marquil Sanders, Appellant

Appellate Case No. 2023-000897

———————

Appeal From Lancaster County
Brian M. Gibbons, Circuit Court Judge

———————

Unpublished Opinion No. 2026-UP-068
Submitted January 2, 2026 – Filed February 18, 2026

———————

**AFFIRMED**

———————

Chief Appellate Defender Wanda H. Carter, of
Columbia, for Appellant.

General Counsel Matthew C. Buchanan, of the South
Carolina Department of Probation, Parole and Pardon
Services, of Columbia, for Respondent.

———————

**PER CURIAM:** Jarius Marquil Sanders appeals the revocation of his community supervision program (CSP) for a period of one year. On appeal, Sanders argues the circuit court erred in revoking his CSP for a period of one year because it

improperly extended his time in prison beyond his sentence. We affirm pursuant to Rule 220(b), SCACR.

We hold the circuit court did not err in sentencing Sanders to one year in prison for violating the terms of his CSP. On February 23, 2016, Sanders pled guilty to assault and battery of a high and aggravated nature, and the circuit court sentenced him to ten years' imprisonment suspended upon the service of three years' probation. On September 19, 2016, the circuit court revoked Sanders's probation and ordered him to serve eight years' imprisonment. On November 29, 2022, after serving 85% of his eight-year sentence, he was released from the South Carolina Department of Corrections into a CSP. On May 24, 2023, the circuit court held a hearing in which Sanders admitted to violating the terms of his CSP, and the circuit court revoked the CSP for a period of one year. The sentence did not extend Sanders's time in prison beyond his original sentence of ten years' imprisonment. Thus, the circuit court did not err. *See State v. Baccus*, 367 S.C. 41, 48, 625 S.E.2d 216, 220 (2006) ("In criminal cases, the appellate court sits to review errors of law only."); S.C. Code Ann. § 24-21-560(D) (2025) ("The prisoner must not be incarcerated for a period longer than the original sentence. The original term of incarceration does not include any portion of a suspended sentence."); *State v. Picklesimer*, 388 S.C. 264, 268, 695 S.E.2d 845, 848 (2010) ("[T]he 'original sentence,' as referenced in section 24-21-560(D), . . . is, in fact, the total sentence handed down by the court."); S.C. Code Ann. § 24-21-560(C) (2025) (stating a court may revoke a defendant's CSP and impose a sentence of up to one year's incarceration); *State v. Blakney*, 410 S.C. 244, 251, 763 S.E.2d 622, 626 (Ct. App. 2014) (holding "*Picklesimer's* interpretation of section 24-21-560(D) [applied] to all CSP revocations").

**AFFIRMED.**[1]

**MCDONALD, HEWITT, and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.